

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 24, 1972

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas 78711

Opinion No. M- 1044

Re: Authority of the Comptroller
to disburse a lump sum ap-
propriation to the Elm Creek
Water Control District.

Dear Mr. Calvert:

Your request for an opinion on the above subject matter asks whether you have authority to issue a warrant in a lump sum of $5,000.00 to the Elm Creek Water Control District pursuant to an item of appropriation in the current General Appropriation Act.* This item of appropriation appears on page 128 of Article III of the Act and reads as follows:

"There is hereby appropriated $5,000 out of the General Revenue Fund for the biennium beginning September 1, 1971, for all necessary operating expenses in conjunction with the operation of the Elm Creek Water Control District."

The Governor's veto message dated June 20, 1971, reads, in its relevant part, as follows:

"Therefore, by authority granted in me by Article IV, Section 14, of the Texas Constitution, I hereby veto each and all of the items appropriated <u>for the fiscal year ending August 31, 1973</u> from Senate Bill No. 11, Sixty-Second Legislature, Regular Session." (Emphasis added.)

---

\* S.B. 11, Acts 62nd Leg., R.S. 1971, as amended by S.B. 7, 1st C.S., same Leg., 1971.

-5104-

The item of appropriation to the Elm Creek Water Control District is a lump sum appropriation for not only the fiscal year beginning September 1, 1971, but also for the fiscal year ending August 31, 1973.

We view the issue presented by your request as follows: Did the Governor, by his veto message, intend to veto the entire $5,000 item of appropriation for the Elm Creek Water Control District, or only that portion of the item appropriated for the fiscal year ending August 31, 1973?

The applicable rule of construction is that "In construing the purport of a veto message the same rules of construction that govern in construing legislative acts should be applied." Fulmore v. Lane, 104 Tex. 499, 509, 140 S.W. 405, 411 (1911). In accordance with this rule, we are of the opinion that, as stated in his veto message, the Governor intended to veto only that portion of the appropriation for the District for the fiscal year ending August 31, 1973.

Having arrived at the foregoing premise concerning the intent of the Governor, we now consider whether his veto of a portion of a lump sum, two-year appropriation is valid. Clearly, his veto would be valid if the appropriation to the District had been made in terms of two separate fiscal year items. Fulmore v. Lane, supra.

This not being the case, however, it is settled that the Governor has no constitutional authority to veto only a portion of an item. Either the entire item must be vetoed, or the entire item will stand as it was enacted by the Legislature. As the Supreme Court of Texas long ago stated:

> "The executive veto power is to be found alone in section 14, article 4, of the Constitution of this State. By that section he is authorized to disapprove any bill in whole, or if a bill contains several items of appropriation, he is authorized to object to one or more of such items. Nowhere in the Constitution is the authority given the Governor to approve in part and disapprove in part a bill. The only additional authority to disapproving a bill in whole is that given to object to an item or items where a bill contains several items of appropriation. It follows conclusively that where the veto power is attempted to be exercised to object to a paragraph or portion of a bill other than an item or items, or the language qualifying an appropriation or directing the method of its uses, he exceeds the

constitutional authority vested in him, and
his objection to such paragraph, or portion
of a bill, or language qualifying an appropria-
tion, or directing the method of its use, becomes
noneffective.  So that we are constrained to hold
that that portion of the veto message. . . was un-
authorized and therefore noneffective, and the
paragraph so attempted to be stricken out will
remain as a part of the appropriation bill."
Fulmore v. Lane, 104 Tex. 499, 514, 140 S.W.
405, 412 (1911).  (Emphasis added.)

Similar situations that have arisen in the courts of our
sister states have been adjudicated in consonance with our holding
in this Opinion.  Fergus v. Russell, 110 N.E. 130, 146-48 (Ill.Sup.
1915); Wood v. State Administrative Board, 238 N.W. 16, 18 (Mich.Sup.
1931); and State ex rel. Turner v. Iowa State Highway Com'n., 186
N.W.2d 141, 151 (Iowa Sup. 1971).  See also, "Disapproval by governor
of a bill in part or approval with modifications", 35 A.L.R. 600
(1925), supplemented in 99 A.L.R. 1277 (1935), and the authorities
cited therein.

Under this form of appropriation--a lump sum for the
biennium--our opinion is that the Legislature intended that the
District might receive the full lump sum at any time during the
biennium for which it was appropriated.

The Elm Creek Water Control District was created pursuant
to Article 8280-387, Vernon's Civil Statutes, and you are advised
that that statute constitutes sufficient preexisting law authorizing
you to issue a warrant honoring the Legislature's appropriation of
funds to the District.  Attorney General's Opinion No. WW-1188 (1961).

Inasmuch as the Governor's attempted veto of the portion of
the appropriation for the District for the fiscal year ending August
31, 1973 is ineffective and nugatory, you are further advised that
the entire lump sum appropriation is valid, and that you may issue a
warrant in a lump sum of $5,000 to the District, rather than requiring
specific vouchers of requisition from the officers of the District.
Attorney General's Opinions Nos. MS-88 (1953), M-723 (1970) and
WW-1188 (1961); Attorney General's Opinion No. WW-187 (1957) is
distinguishable.

## S U M M A R Y

The $5,000 item of appropriation to the Elm Creek Water Control District for the biennium ending August 31, 1973, found at page 128 of Article III of the current General Appropriation Act (S.B. 11, Acts 62nd Leg., R.S., 1971, as amended by S.B. 7, 1st C.S., same Leg., 1971) is valid in its entirety, and the Comptroller of Public Accounts has authority to issue a warrant in a lump sum of $5,000.

Pursuant to Section 14 of Article IV of the Constitution of Texas, the Governor has no authority to veto a portion of an item of appropriation; either the entire item must be vetoed, or none of it. An attempted veto of a portion of an item is nugatory and of no effect, and the item attempted to be vetoed is valid in its entirety.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Mel Corley
Arthur Sandlin
Ralph Rash
Jack Goodman

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant